UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**GEORGE GLAVAS**,

    Plaintiff,

v.                                                                                                          CIV **No.: 12-0566 LH/WPL**

**WALLICK & VOLK, INC.;
BANK OF AMERICA, N.A., Successor In Interest
to Countrywide Home Loans, Inc.;
THE BANK OF NEW YORK, Trustee for CWABS
Asset-Backed Certificates Trust 2007-8;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
and Does 1 through 50**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants Bank of America, N.A., as successor in interest to Countrywide Home Loans, Inc. ("BANA"), The Bank of New York ("BNY"), as trustee for CWABS Asset-Backed Certificates Trust 2007-8 and Mortgage Electronic Registration Systems, Inc. ("MERS") Motion to Dismiss*, filed June 19, 2012 [Doc. 7]. Because the Court concludes that pro-se Plaintiff George Glavas has failed to state a cognizable claim against any Defendant, the Court will dismiss this Complaint with prejudice.

**I.  Applicable legal standards.**

    When resolving a motion to dismiss brought under Rule 12(b)(6), the Court accepts

    as true all well-pleaded factual allegations in a complaint and view these allegations
    in the light most favorable to the plaintiff. The court's function on a Rule 12(b)(6)
    motion is not to weigh potential evidence that the parties might present at trial, but
    to assess whether the plaintiff's complaint alone is legally sufficient to state a claim
    for which relief may be granted.

*Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted).

The Court determines whether the complaint contains "'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The Court interprets pro-se pleadings liberally, but it does not "assume the role of advocate," and pro-se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).  A pro-se plaintiff, therefore, "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

"[O]n a 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1216 (10th Cir. 2007) (internal quotation marks omitted).  In this case, the Plaintiff bases his quiet-title suit on whether certain promissory notes and mortgages are valid, *see, e.g.,* Compl. at 3-4; the Defendants have attached the referred-to notes and mortgages to their motion to dismiss; and Plaintiff has not disputed the authenticity of the attachments.  The documents memorializing the transactions and the publicly recorded documents regarding the property for which he seeks to quiet title are, therefore, central to Plaintiff's Complaint, and the Court will consider them without converting the motion to dismiss to one for summary judgment.

**II. Factual and procedural background.**

Plaintiff filed this Complaint for quiet title against Defendant Wallick & Volk, Inc. ("Wallick"), which lent Plaintiff almost $265,000 five years ago to purchase a second home located in Albuquerque, New Mexico.  *See* Compl. at 1-2; Doc. 7, Exs. A, B.  Plaintiff also sues Wallick's

nominee, successors, and/or assigns, and the mortgage servicers, contending that the notes and mortgages were improperly transferred and "securitized," thus he is entitled to a clear title free of the purchase-money mortgage liens because the Defendants allegedly no longer have an interest in the property or standing to enforce the promissory note.  *See* Complaint at 5-7.  Plaintiff repeatedly refers to an attached  "Deed of Trust," *see* Compl. at 4-5 (stating that the Deed of Trust is "annexed . . . as Exhibit A"), but the only attachment to the Complaint is a copy of a "Warranty Deed" indicating that Plaintiff transferred his interest in the property to himself and a non-party single woman in 2007.  *See* Compl. Ex. A.

      The Complaint contains many hypothetical statements and legal conclusions.  For example, Plaintiff contends that, *if* a mortgage loan is in default, the Real Estate Mortgage Investment Conduit that securitized the promissory note simply "writes off the debt and receives tax credit for the write off," thus "discharg[ing] the debt . . . in full."  Compl. at 7-8.  Plaintiff does not allege, however, that he is in default on the mortgage loans or that his mortgage has been written off as a bad debt.  And although the Defendants contend that Plaintiff has defaulted in making his mortgage payments and that he has filed this suit "as an attempt to prevent the foreclosure," Doc. 7 at 2, the Court will not consider the Defendants' allegations in resolving a motion to dismiss.

      Plaintiff seeks to force the Defendants to provide the Court with a "perfected security interest in the Deed of Trust," and if they do not, to declare the Deed of Trust to be "null and void" and require the Defendants to "release their claims."  *Id.* at 8-9.  He also seeks declaratory judgments adjudging that the promissory notes are "fully discharged on the basis that [they were] rooted in fraud from the inception" – although no facts in his Complaint relate to Wallick's alleged fraud in making the mortgage loan –  and that the Defendants have "no estate, right, title or interest in said property;" and he seeks injunctive relief forever prohibiting the Defendants from claiming an

3

"estate, right, title or interest in said property." Compl. at 9.

## III.  Analysis.

Because Plaintiff brings his suit in federal court under the diversity statute, the Court must apply New Mexico substantive law in determining whether the Complaint states a cognizable quiet-title suit.  *See United Rentals Northwest, Inc. v. Yearout Mechanical, Inc.,* No. 08-2225, 384 Fed. App'x 719, 721, 2010 WL 2530766, *2 (10th Cir. June 24, 2010) ("This is a diversity case arising out of New Mexico and we must apply the substantive law of New Mexico.").

> In New Mexico,
>
> Title may be quieted against the owner or holder of any mortgage, claim of lien or other encumbrance, where the owner or holder of such mortgage, lien or encumbrance has permitted same to become barred by statute of limitations, and where the record or documentary evidence reflects that the required time to bar such mortgage or other lien has elapsed, the same shall constitute prima facie evidence that the debt or obligation and lien securing same is barred, and the owner or holder of such mortgage, lien or claim shall be estopped from asserting any rights thereunder in such suit.

NMSA 1978, § 42–6–1.  Plaintiff does not allege, however, that enforcement of the Defendants' promissory note or mortgage lien has "become barred by statute of limitation," nor can he, since he does not even allege that he has defaulted on the mortgage, and a lender has six years after default in which to bring suit on a lien or promissory note.  *See* N.M.S.A. § 37-1-3 ("Those [actions] founded upon any bond, promissory note, bill of exchange or other contract in writing, . . . [must be filed] within six years.").  Because Plaintiff has failed to allege facts necessary to state a claim to quiet title in New Mexico, his Complaint will be dismissed.

Although Plaintiff contends that he theoretically should be given an opportunity to amend his Complaint before it is dismissed if the Court finds it to be "confusing, ambiguous, and conclusory," Doc. 12 at 9, he made no attempt to file an amended complaint or to argue that he

could do so in response to the Defendants' assertion that he "fails to allege that any of the named defendants have even made an adverse claim to the Property." Doc. 7 at 3. Instead, the bulk of Plaintiff's response to the motion to dismiss is a regurgitation of generalizations about prior irregularities or failures in the mortgage industry and references to a Congressional Oversight Panel report, *see* Doc. 12 at 1-5, and a repetition of the legal conclusions and generalizations set forth in the Complaint, *see id.* at 6-9. The Court will not permit Plaintiff to amend his complaint.

Further, the Court warns Plaintiff that the Tenth Circuit and every other court that has addressed Plaintiff's legal theories regarding the effect of securitization on enforcement of a promissory note, lack of standing to foreclose, the effect of alleged split notes on foreclosure, and the necessity of wet-ink or original notes in foreclosing a mortgage or suing on a promissory note has rejected them, and the Tenth Circuit has affirmed the imposition of sanctions for asserting these frivolous legal theories. *See, e.g.*, *McBride v. Bank of Am.*, No. 12–4035, --- Fed. App'x ----, 2012 WL 5478367, *1 (10th Cir. Nov. 13, 2012); *Parker v. Citimortgage, Inc.*, No. 11-4131, --- Fed. App'x ----, 2012 WL 4902858, *3 (10th Cir. Oct 17, 2012) (affirming imposition of sanctions); *Heaton v. Am. Brokers Conduit*, No. 11–4178, --- Fed. App'x ----, 2012 WL 4096284, *1 (10th Cir. Sept. 19, 2012); *Commonwealth Prop. Advocates, LLC v. Mortg. Electr. Registration Sys., Inc.*, No. 11-4118, 474 Fed. App'x. 732 (10th Cir. Mar 29, 2012); *Scarborough v. LaSalle Bank Nat'l Assoc.*, No. 11-4092, 460 Fed. App'x 743, 751, 2012 WL 288564 (10th Cir. Feb. 1, 2012); *Wareing v. Meridias Capital, Inc.,* No. 2:10cv165 TS, 2011 WL 997215, *1 ( D. Utah Mar 17, 2011); *Howard v. PNC Mortg.*, 269 P.3d 995, 997 (Utah App. 2012); *Labuanan v. U.S. Bank, N.A.*, 773 F. Supp. 2d 900, 912-13, 2011 WL 939039, *9-*10 (D. Haw. Feb.24, 2011); *Suss v. JP Morgan Chase Bank, N.A.*, No. WMN–09cv1627, 2010 WL 2733097, *5-*6 (D. Md. July 9, 2010) (D. Md. 2010); *Chavez v. Cal. Reconveyance Co.*, No. 2:10cv00325-RLH/LRL, 2010 WL 2545006, *2-*3 (D. Nev. June

18, 2010).

**THEREFORE, IT IS ORDERED** that the Defendants' motion to dismiss [Doc. 7] is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

_____
SENIOR UNITED STATES DISTRICT JUDGE